CHARLES J. SCHUCK, Judge,
dissenting.
I cannot agree with the majority opinion filed in this case, primarily for the reason that I do not believe the facts justify the conclusion set forth in the opinion. Too much is taken for granted which is not supported by the evidence and assumptions are made and conclusions drawn that are not supported by the evidence as introduced during the hearing. In the first place, I am quite sure that an impartial reader of the transcript of the evidence must conclude that the claimant here was not only an invitee, but that he was rendering a service to the state department involved for which no charge was made, and which department was carrying out one of the purposes for which *36 it is created and for which those in charge are paid by the taxpayers of the state. It doesn’t make any difference, in my opinion, what some superintendent may say, that no specific requests are made for outsiders to meet the trucks about to make distribution of fish, the contrary is shown by the evidence in this case; not only was the claimant invited to accompany the driver and game warden on the trip in question, but the warden had special instructions to obtain the services of high school boys, as well, to accompany them on this trip of fish distribution. The majority opinion seems to be based entirely on the case of Young v. Wheby, 126 W. Va. 741, which in my judgment does not govern in the instant case. In that case the injured person was purely a guest passenger, all of the persons in the car, including the passenger in question, were drinking, and an ample opportunity had been given the injured passenger to get out of the automobile at a town where one of the passengers had alighted, and after she was fully aware of the reckless driving of the operator of the automobile and after she must have concluded that the said driver was under the influence of liquor. No such circumstances ar presented in the case before us. It is true that the driver of this truck hauling the fish had been cautioned on the way out to the point of distribution, while crossing an open, rough field, primarily because of the fact that two high school boys, who had been asked to accompany them, were riding on the rear of the truck and might be thrown off owing to the rough condition of the ground. Claimant testifies (record page 12) that at the time the driver was cautioned about the boys riding on the rear of the truck, that he wasn’t making excessive speed, but that as the field over which they were passing was rough, he should drive slower. It was the rough condition of the field and not the matter of speed at that time which brought the caution to the driver from the game warden himself, who was riding in the cab of the truck.
The statement is also made, in the majority opinion, that claimant could have ridden with a certain doctor who *37 was accompanying the expedition in his own machine, but I fail to find any support for this contention in a careful reading of the transcript and it seems to me that it is simply an assumption on the part of the majority members so far as the claimant riding with the doctor in question was concerned, and not justified by the evidence in the case.
So also does the evidence reveal that the farthest point away from Franklin from which distribution was made was ten or twelve miles, and to state or to intimate that claimant could have refused to ride on the truck would be an unwarranted assumption not justified by the circumstances as presented at the time of the hearing. I repeat, claimant was not only an invitee but he was assisting in the work of making the distribution of the fish for and on behalf of the commission charged with that duty and for which he, claimant, was to receive no compensation.
On the return trip and when about four miles from Franklin, the driver was cautioned that he was then operating the machine in a reckless manner by reason of the speed that he was maintaining and in my opinion claimant had the right to assume that the driver of the truck would heed the warning and act accordingly in the operation of the truck. I cannot see that any reasonable opportunity was given the claimant to leave or get out of the truck, nor do I believe the law even as set forth in the Young case, supra, would contemplate that claimant was obliged to get out of the truck and perhaps run the risk of walking back to Franklin, a distance of four miles. It seems that shortly after being given the caution referred to, the truck was wrecked and claimant injured by reason of the excessive speed and the carelessness of the driver, an employe of the state conservation commission. Under all the circumstances, I feel that claimant is entitled to an award.